Lillian M. MATISE, as personal
representative of Granville C.
Matise, Deceased, Appellee,

v.

AMERICAN FOREIGN STEAMSHIP
CO., Appellant.

No. 74–2721.

United States Court of Appeals,
Ninth Circuit.

May 27, 1976.

John A. Flynn, San Francisco, Cal., for appellant.

Eric J. Schmidt, San Francisco, Cal., for appellee.

OPINION

On Remand

Before DUNIWAY and ELY, Circuit Judges.

PER CURIAM.

Pursuant to the Supreme Court's mandate and its opinion in the subject cause (423 U.S. 150, 96 S.Ct. 410, 46 L.Ed.2d 354, 44 U.S.L.W. 4031 (1976)), the subject cause is remanded to the District Court for disposition harmonizing with the Supreme Court's opinion.

ELY, Circuit Judge (concurring):

I concur, of course, in the foregoing disposition of the subject appeal. I think it important to the profession, however, that the rather bizarre procedural course taken by the controversy be emphasized.

Initially, a panel of this court, of which, incidentally, my Brother Duniway was not a member, issued its opinion and judgment in favor of the seaman. 488 F.2d 469 (9th Cir. 1974). That initial opinion reflects that the critical issue, on its merits, was not easy of solution; nevertheless, the steamship company apparently accepted the validity of the judgment, not seeking review by way of certiorari. Thus, our original judgment became final and was issued to the District Court. It called for further proceedings consistent with our original opinion, and I thought, as I believe my two colleagues of the original panel thought, that the only further act required by the District Court was the fixing of the legal amount of damages to which the seaman was entitled.

Upon remand, the District Court did indeed fix an amount of damages, and the steamship company appealed. The appellee moved that the appeal be expedited, claiming that it was frivolous and taken for delay only. That motion was considered by a motions panel consisting of Judge Duniway, a third judge, and the writer. The motions panel, with one judge not participating, concluded that the District Court had properly performed that which was thought to be its only function, that of fixing damages, and dismissed the appeal. In its opinion, the Supreme Court recites that our court dismissed the second appeal as frivolous, but the Court did not review the history of the litigation, including the final disposition of the first appeal on the merits. I am moved to say that I never intended, in my judicial action on the specified motion, to indicate that the issue, as discussed and resolved by the Supreme Court and originally by this court, was frivolous, as the description in its ordinary sense is usually understood. As I have previously stated, the issue was not at all without difficulty. We thought the second appeal legally frivolous only because of our belief that our original final judgment on the merits had become the law of the case and that the steamship company, by its failure to seek review of our original judgment, had forever lost its right to challenge our decision on the merits in this particular controversy.

I recognize the possibility that the procedural history, above recited, may not have been called to the attention of the Supreme Court; nevertheless, the course of the litigation establishes an avenue by which judgments of Courts of Appeals, previously

thought to have been final, may be relitigated. It would now appear, therefore, that an unsuccessful litigant in a Court of Appeals may not irretrievably lose the right to challenge the Court of Appeals judgment on a certain issue in a particular case even if he has not sought a review of the first judgment in the case until after the first judgment has become "final."