852 F.2d 1287
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clary DOSS, Plaintiff-Appellant,
v.
FREDERICK, Prison Guard, Badge No. 3, W. Achtabowski, Prison
Guard, M. Smith, 4-Block Hearing Officer and
Counselor, et al., Defendants-Appellees.
 No. 87-2025.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1988.
 
 1
 Before BOYCE F. MARTIN and WELLFORD, Circuit Judges, and JAMES H. JARVIS, District Judge.*
 
 ORDER
 
 2
 This Michigan plaintiff appeals the district court's judgment dismissing his civil rights complaint for failure to state a claim upon which relief can be granted. The matter has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff claimed that defendants violated his constitutional rights by filing false reports of misconduct and by failing to consider evidence at hearings on the charges. Plaintiff alleged that defendants intended to deprive him of a reduction in his risk classification. Defendants filed a motion to dismiss in which they asserted the defense of absolute immunity. The matter was referred to a magistrate who determined that one defendant was entitled to absolute immunity, and that plaintiff failed to state an actionable claim. The district court rejected the magistrate's finding of absolute immunity and adopted the finding that plaintiff failed to allege a constitutional violation. The action was dismissed pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Upon review, we conclude that the district court properly dismissed the complaint. See Conley v. Gibson, 355 U.S. 41 (1957). Liberally construing the pro se complaint, see Haines v. Kerner, 404 U.S. 519 (1972), and accepting the allegations as true, see Westlake v. Lucas, 538 F.2d 857, 858 (6th Cir.1976), we agree that plaintiff failed to allege the deprivation of a protected interest. First, a prisoner has no protected interest in the reduction of his risk classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1978). Second, because plaintiff received notice of the hearings and was permitted to speak in his own defense, the hearings were adequate. See Hewitt v. Helm, 459 U.S. 460, 461-62 (1983).
 
 
 5
 Accordingly, the district court's judgment of dismissal, entered September 28, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.